## Margaret Reese, Appellee, v. Henry C. Reese, Appellant.

### Gen. No. 21,300.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed March 15, 1916.

### Statement of the Case.

Bill for divorce by Margaret Reese, complainant, against Henry C. Reese, defendant. From an order committing defendant to jail until he complied with an order for the payment of temporary alimony, and an additional sum as charges of the master in chancery, or until released by law, not to exceed the period of six months, defendant appeals.

On December 21, 1914, a rule was entered upon Henry C. Reese, defendant, to show cause why attachment should not issue for his failure to pay temporary alimony during the preceding five weeks. Defendant filed a sworn answer wherein he stated that he had no money with which to pay the alimony to the complainant, and set forth in detail his income, expenditures and liabilities; also that he was taken sick on November 21st, and since December 2nd had been confined to his bed, and that for a great part of the time he was under the care of a physician, his ailment being ulcer of the stomach. Attached thereto was an affidavit of his physician under date of December 21st, stating that since December 2nd defendant had been under his care; that he was suffering from ulcer of the stomach and was unable to work.

The matter was referred to a master in chancery to determine whether defendant was in contempt of court for failure to pay all or any part of the alimony due under the order of the court theretofore entered, the

Reese v. Reese, 198 Ill. App. 298.

matter to make his report within forty-eight hours. On January 14th the master filed his report, wherein he made certain findings from which he concluded that defendant was in contempt of court, and recommended that defendant be committed until he should properly comply with the rule in relation thereto. Said report contained the testimony taken before him on the reference. On January 15th the master submitted a supplemental report wherein it was stated that the objections filed to said report by defendant were duly argued and overruled, and wherein he further certified that a stenographer was necessarily employed to transcribe the testimony; that a copy of such testimony certified by the master and attached to his report was made by the stenographer; that a reasonable fee for such stenographic services was $13.50, and that said master's fee therein was $25, making a total of $38.50. It was ordered that defendant's objections filed thereto stand as exceptions. On January 18th the court approved the master's report, and found that defendant was able to pay the alimony due under the order theretofore entered, and that defendant wilfully refused to pay said alimony; that there remained due and unpaid to the complainant the sum of $45 as alimony on the order theretofore entered by the court; allowed and approved the master's charge of $38.50, and ordered that defendant "be committed to the County Jail of this County, until he shall have complied with said order of this Court, and shall have paid all of said amount of Forty-five ($45.00) Dollars, as alimony due, and the additional sum of Thirty-eight and 50/100 ($38.50) Dollars, as Master's charges, or until released by due process, not to exceed the period of six months however."

JOHN E. VAN NATTA, for appellant.

FRANK J. SNITE, for appellee; LEO H. HOFFMAN, of counsel.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1399*—*when findings of master sustained.* Findings of a master on question of fact which have been concurred in by the chancellor must be affirmed unless clearly and manifestly against the weight of evidence.

2. CONTEMPT, § 77*—*when payment of costs in contempt hearing condition precedent to discharge from order of commitment for contempt.* Master's charges on account of hearing, whereby defendant was found guilty of contempt for default in payment of alimony, are not ordinary costs in a chancery suit that may only be collected by execution, but inasmuch as the costs were incurred by defendant's failure to comply with a previous order of the court which led to the contempt proceedings, defendant himself was responsible for such costs, and payment of them may be made a condition precedent to a discharge from an order of commitment entered because of the contempt.

The People of the State of Illinois ex rel. Mehan, Defendant in Error, v. David T. Mehan, Plaintiff in Error.

## Gen. No. 21,454.

1. DIVORCE, § 137*—*when wife entitled to attorney's fees for past services in dismissed case.* Where during the pending of divorce proceedings, afterwards dismissed, complainant is allowed solicitor's fees for past services, she is entitled to retain same in spite of the dismissal, it appearing that the payment thereof is necessary in order to enable her to further carry on an action or maintain her defense thereto.

2. APPEAL AND ERROR, § 1270*—*when presumed that chancellor found that allowance of attorney's fees to complainant in divorce action was necessary.* Where nothing but the order in divorce proceedings allowing solicitor's fees is before the court, in the absence

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.